CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 1 8 2020

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20CR00025 |
| | ) | |
| v. | ) | |
| | ) | In violation of: 18 U.S.C. § 1951(a) |
| DOMINIQUE DEJONE THURSTON | ) | 18 U.S.C. § 924(c)(1)(A) |
| | ) | 18 U.S.C. § 922(g)(1) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE
18 U.S.C. § 1951(a)
(Hobbs Act Robbery of the Oak Hill Market, Albemarle County, Virginia)

1.     At all times material to this Indictment, the Oak Hill Market, located in Albemarle County, Virginia, was engaged in commercial activities in interstate commerce and an industry that affects interstate commerce.

2.     On or about June 18, 2020, in the Western District of Virginia, the defendant DOMINIQUE DEJONE THURSTON did unlawfully obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined by Title 18, United States Code, Section 1951(b)(1), in that the defendant did unlawfully take and obtain United States currency from the cash registers controlled by the employees of the Oak Hill Market located at 667 Country Green Road,

USAO 2020R00543                    1

Charlottesville, Virginia, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to each of their persons and property in their custody and possession, that is the defendant used, carried, displayed, possessed, brandished, and pointed a firearm at the store employees, and demanded the cash from the registers.

3.      All in violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO
18 U.S.C. § 924(c)
(Use of Firearm in the Commission of the
Hobbs Act Robbery of the Oak Hill Market, Albemarle County, Virginia)

4.      On or about June 18, 2020, in the Western District of Virginia, the defendant DOMINIQUE DEJONE THURSTON did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery in violation of Title 18, United States Code, Section 1951, as set forth in Count One of this Indictment.

5.      All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THREE
18 U.S.C. § 1951(a)
(Hobbs Act Robbery of 7-11 – Ivy Road, City of Charlottesville, Virginia)

6.      At all times material to this Indictment, the 7-11 located on Ivy Road in the City of Charlottesville, Virginia, was engaged in commercial activities in interstate commerce and an industry that affects interstate commerce.

7.      On or about June 27, 2020, in the Western District of Virginia, the defendant DOMINIQUE DEJONE THURSTON did unlawfully obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by

USAO 2020R00543                          2

robbery, as that term is defined by Title 18, United States Code, Section 1951(b)(1), in that the defendant did unlawfully take and obtain United States currency and other goods from the store cash registers shelves, and safe controlled by the employees of the 7-11 store located at 2025 Ivy Road, Charlottesville, Virginia, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to each of their persons and property in their custody and possession, that is the defendant used, carried, displayed, possessed, brandished and pointed a firearm at the store employees, and demanded the cash and other goods.

     8.     All in violation of Title 18, United States Code, Section 1951(a).

**COUNT FOUR**
18 U.S.C. § 924(c)
(Use of Firearm in the Commission of the
Hobbs Act Robbery of the 7-11 – Ivy Road, City of Charlottesville, Virginia)

     9.     On or about June 27, 2020, in the Western District of Virginia, the defendant DOMINIQUE DEJONE THURSTON did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery in violation of Title 18, United States Code, Section 1951, as set forth in Count Three of this Indictment.

     10.     All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT FIVE
18 U.S.C. § 1951(a)
(Hobbs Act Robbery of the BP Gas Station, City of Charlottesville, Virginia)

11.     At all times material to this Indictment, the BP Gas Station located on Monticello Avenue in the City of Charlottesville, Virginia was engaged in commercial activities in interstate commerce and an industry that affects interstate commerce.

12.     On or about July 30, 2020, in the Western District of Virginia, the defendant DOMINIQUE DEJONE THURSTON did unlawfully obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined by Title 18, United States Code, Section 1951(b)(1), in that the defendant did unlawfully take and obtain United States currency from the restaurant registers and safe controlled by the employees of the BP Gas Station, located at 1800 Monticello Avenue, Charlottesville, Virginia, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to each of their persons and property in their custody and possession, that is the defendant used, carried, displayed, possessed, brandished, and pointed a firearm at the restaurant employees, and demanded the cash from the registers and the restaurant safe.

13.     All in violation of Title 18, United States Code, Section 1951(a).

## COUNT SIX
18 U.S.C. § 924(c)
(Use of Firearm in the Commission of the
Hobbs Act Robbery of the BP Gas Station, City of Charlottesville, Virginia

14.     On or about July 30, 2020, in the Western District of Virginia, the defendant DOMINIQUE DEJONE THURSTON did knowingly use, carry, and brandish a firearm during

USAO 2020R00543                              4

and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery in violation of Title 18, United States Code, Section 1951, as set forth in Count Five of this Indictment.

      15.     All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT SEVEN
### 18 U.S.C. § 1951(a)
(Hobbs Act Robbery of the 7-11 – Greenbrier Drive, Albemarle County, Virginia)

      16.     At all times material to this Indictment, the 7-11 on Greenbrier Drive in Albemarle County, Virginia was engaged in commercial activities in interstate commerce and an industry that affects interstate commerce.

      17.     On or about August 14, 2020, in the Western District of Virginia, the defendant DOMINIQUE DEJONE THURSTON did unlawfully obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined by Title 18, United States Code, Section 1951(b)(1), in that the defendant did unlawfully take and obtain United States currency and other goods from the store cash registers and shelves controlled by an employee of the 7-11, located at 1385 Greenbrier Dr., Charlottesville, Virginia, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person and property in his custody and possession, that is the defendant used, carried, displayed, possessed, brandished and pointed a firearm at the store employee, and demanded cash and other goods.

      18.     All in violation of Title 18, United States Code, Section 1951(a).

## COUNT EIGHT
18 U.S.C. § 924(c)
(Use of Firearm in the Commission of the
Hobbs Act Robbery of the 7-11 – Greenbrier Drive, Albemarle County, Virginia)

19.     On or about August 14, 2020, in the Western District of Virginia, the defendant

DOMINIQUE DEJONE THURSTON did knowingly use, carry, and brandish a firearm during

and in relation to a crime of violence for which he may be prosecuted in a court of the United

States, that is, robbery in violation of Title 18, United States Code, Section 1951, as set forth in

Count Seven of this Indictment.

20.     All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT NINE
18 U.S.C. § 1951(a)
(Hobbs Act Robbery of the Kangaroo Gas Station, Albemarle County, Virginia)

21.     At all times material to this Indictment, Kangaroo Gas Station, located in

Albemarle County, Virginia, was engaged in commercial activities in interstate commerce and an

industry that affects interstate commerce.

22.     On or about August 31, 2020, in the Western District of Virginia, the defendant

DOMINIQUE DEJONE THURSTON did unlawfully obstruct, delay, and affect and attempt to

obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code,

Section 1951(b)(3), and the movement of articles and commodities in such commerce, by

robbery, as that term is defined by Title 18, United States Code, Section 1951(b)(1), in that the

defendant did unlawfully take and obtain United States currency and other goods from the store

cash registers, safe, and shelves controlled by employees of the Kangaroo Gas Station located at

1099 E. Rio Road, Charlottesville, Virginia, against their will, by means of actual and threatened

force, violence, and fear of injury, immediate and future, to each of their persons and property in

USAO 2020R00543                                    6

their custody and possession, that is the defendant used, carried, displayed, possessed, brandished, and pointed a firearm at the store employees, and demanded cash and other goods.

23. All in violation of Title 18, United States Code, Section 1951(a).

## COUNT TEN
18 U.S.C. § 924(c)
(Use of Firearm in the Commission of the
Hobbs Act Robbery of the Kangaroo Gas Station, Albemarle County, Virginia)

24. On or about August 31, 2020, in the Western District of Virginia, the defendant DOMINIQUE DEJONE THURSTON did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery in violation of Title 18, United States Code, Section 1951, as set forth in Count Nine of this Indictment.

25. All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT ELEVEN
18 U.S.C. § 1951(a)
(Hobbs Act Robbery of the 7-Day Junior Store, City of Charlottesville, Virginia)

26. At all times material to this Indictment, the 7-Day Junior store, located in the City of Charlottesville, Virginia, was engaged in commercial activities in interstate commerce and an industry that affects interstate commerce.

27. On or about September 4, 2020, in the Western District of Virginia, the defendant DOMINIQUE DEJONE THURSTON did unlawfully obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined by Title 18, United States Code, Section 1951(b)(1), in that the

defendant did unlawfully take and obtain United States currency from the store cash registers and

the safe controlled by employees of the 7-Day Junior store located at 111 Maury Avenue,

Charlottesville, Virginia, against their will, by means of actual and threatened force, violence,

and fear of injury, immediate and future, to each of their persons and property in their custody

and possession, that is the defendant used, carried, displayed, possessed, brandished, and pointed

a firearm at the store employees, and demanded cash and other goods.

28.     All in violation of Title 18, United States Code, Section 1951(a).

**COUNT TWELVE**
18 U.S.C. § 924(c)
(Use of Firearm in the Commission of the
Hobbs Act Robbery of the 7-Day Junior Store, City of Charlottesville, Virginia )

29.     On or about September 4, 2020, in the Western District of Virginia, the defendant

DOMINIQUE DEJONE THURSTON did knowingly use, carry, and brandish a firearm during

and in relation to a crime of violence for which he may be prosecuted in a court of the United

States, that is, robbery in violation of Title 18, United States Code, Section 1951, as set forth in

Count Eleven of this Indictment.

30.     All in violation of Title 18, United States Code, Section 924(c)(1)(A).

**COUNT THIRTEEN**
18 U.S.C. § 1951(a)
(Hobbs Act Robbery of the 7-11 – Boulderview Road, Albemarle County, Virginia)

31.     At all times material to this Indictment, the 7-11 store located on Boulderview

Road in Albemarle County, Virginia, was engaged in commercial activities in interstate

commerce and an industry that affects interstate commerce.

32.     On or about September 17, 2020, in the Western District of Virginia, the

defendant DOMINIQUE DEJONE THURSTON did unlawfully obstruct, delay, and affect and

USAO 2020R00543                          8

attempt to obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined by Title 18, United States Code, Section 1951(b)(1), in that the defendant did unlawfully take and obtain United States currency from the store cash registers and the safe controlled by employees of the 7-11 store located at 1915 Boulderview Road, Charlottesville, Virginia, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to each of their persons and property in their custody and possession, that is the defendant used, carried, displayed, possessed, brandished, and pointed a firearm at the store employees, and demanded cash and other goods.

33. All in violation of Title 18, United States Code, Section 1951(a).

## COUNT FOURTEEN
18 U.S.C. § 924(c)
(Use of Firearm in the Commission of the
Hobbs Act Robbery of the 7-11 Store – Boulderview Road, Albemarle County, Virginia)

34.   On or about September 17, 2020, in the Western District of Virginia, the defendant DOMINIQUE  DEJONE THURSTON did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery in violation of Title 18, United States Code, Section 1951, as set forth in Count Thirteen of this Indictment.

35.   All in violation of Title 18, United States Code, Section 924(c)(1)(A).

**COUNT FIFTEEN**
18 U.S.C. § 922(g)(1) and 924(a)(2)
(Felon in Possession of a Firearm)

36.     On or about September 17, 2020, in the Western District of Virginia, the

defendant, DOMINIQUE DEJONE THURSTON, knowing that he had been convicted of a

crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and

affecting interstate commerce a firearm, that is, a Model: Phoenix Arms silver pistol, said

firearm having been shipped and transported in interstate commerce.

37.     All in violation of Title 18, United States Code, Sections 922(g)(1).

**NOTICE OF FORFEITURE**

1.     Upon conviction of one or more of the felony offenses alleged in this Indictment,

the defendant(s) shall forfeit to the United States:

   a.  any property constituting, or derived from, any proceeds obtained, directly
       or indirectly, as a result of said offenses, pursuant to 21 U.S.C. §
       853(a)(1).

   b.  any property used, or intended to be used, in any manner or part, to
       commit, or to facilitate the commission of said offenses, pursuant to 21
       U.S.C. § 853(a)(2).

   c.  any firearm used or intended to be used to facilitate the transportation,
       sale, receipt, possession, or concealment of controlled substances and/or
       raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any
       proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11)
       and 28 U.S.C. § 2461(c).

   d.  any firearms and ammunition involved or used in the commission of said
       offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d)
       and 28 U.S.C. § 2461(c).

2.     If any of the above-described forfeitable property, as a result of any act or omission

of the defendant:

USAO 2020R00543                          10

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to

the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL, this ____18____ day of November 2020.

s/ FOREPERSON
FOREPERSON

Daniel P. Bubar by /pmt
DANIEL P. BUBAR
ACTING UNITED STATES ATTORNEY