## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOMINIQUE DEJONE THURSTON,<br><br>*Defendant.* | CASE NO. 3:20-cr-25<br><br><u>ORDER</u><br><br>SENIOR JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Dominique Dejone Thurston's Motion to Continue, Dkt. 17. Defendant seeks a continuance of his trial date of April 22–23, 2021, to August 2–6, 2021. *Id.* at 1. In Support, counsel for the Defendant states that the indictment charges multiple different offenses on different days and the discovery is "voluminous." *Id.* Reviewing the discovery with Defendant has been slowed due to COVID-19 restrictions at the jail. *Id.* Defense counsel notes that it is unlikely that an investigation and usual trial preparations can be completed by the currently scheduled trial date. *Id.* at 2. Further, the current trial is scheduled for two days, but the Government estimates that it is more likely to take five days, given the number of charges and potential witnesses involved. *Id.* The Government does not object to this continuance. *Id.*

The Speedy Trial Act generally requires that a criminal trial begin "within seventy days from the filing date (and making public) of the information or indictment" or the defendant's initial appearance, whichever date last occurs. 18 U.S.C. § 3161(c)(1). However, certain delays may be excluded from the seventy-day count, including delays where the district court finds "that the ends of justice served by . . . granting . . . [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court finds a continuance here is warranted, considering the factors in 18 U.S.C. § 3161(h)(7)(B). *See* 18 U.S.C. § 3161(h)(7)(B)(iv)

(court shall consider "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence"). The Court finds these circumstances would so deny the time necessary for effective preparation, accounting for due diligence, if the Court does not grant a continuance.

The Court, therefore, finds that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court will continue the trial until August 2–6, 2021.

For the foregoing reasons, Defendant's Motion to Continue, Dkt. 17, is **GRANTED**, and the Defendant's trial date is **CONTINUED** until August 2–6, 2021. The time period between April 22, 2021 and August 2, 2021, will be excluded from the calculation of time under the Speedy Trial Act. It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this order to all counsel of record.

**ENTERED** this _23rd__ day of March, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE