# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:20-cr-25 |
| v. | ORDER |
| DOMINIQUE DEJONE THURSTON, | SENIOR JUDGE NORMAN K. MOON |
| *Defendant.* | |

This matter is before the Court on Defendant Dominique Dejone Thurston's Motion to Continue, Dkt. 21. Defendant seeks a continuance of his trial date of August 2–6, 2021, to January 24–28, 2022. *Id.* at 1. In support, counsel for the Defendant states that the indictment charges multiple different offenses on different days and the although the "discovery in this case is voluminous," counsel's review of the materials is now complete *Id.* However, the parties are currently actively engaged in negotiations to determine whether an agreement can be reached that will avoid the need for trial. *Id.* The Government does not object to this continuance. *Id.*

The Speedy Trial Act generally requires that a criminal trial begin "within seventy days from the filing date (and making public) of the information or indictment" or the defendant's initial appearance, whichever date last occurs. 18 U.S.C. § 3161(c)(1). However, certain delays may be excluded from the seventy-day count, including delays where the district court finds "that the ends of justice served by . . . granting . . . [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Court does not find that the circumstances presented by Defendant warrant a continuance as requested, considering the factors in 18 U.S.C. § 3161(h)(7)(B). *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (court shall consider "[w]hether the failure to grant such a continuance . . . would

deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence"). Indeed, this case was initially scheduled for trial on January 19–22, 2021. The Court granted a continuance until April 22–23, 2021. Defendant filed a second motion to continue in March 2021, which the Court granted, pushing the trial date until August 2–6, 2021. Simply because Defendant and the Government have not successfully negotiated a plea agreement is insufficient to warrant a *third* continuance until January 2022—nearly a full year after the first scheduled trial date. This is especially true, given that counsel has reviewed all discovery materials.

The Court, therefore, finds that the ends of justice are not served by granting the requested continuance until January 24–28, 2022. However, the Court finds that a shorter continuance outweighs the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). For the foregoing reasons, Defendant's Motion to Continue, Dkt. 21, is **GRANTED in part**, and the Defendant's trial date will be **CONTINUED** to dates between August 24–31, 2021. The time period between August 2, 2021 and August 31, 2021, will be excluded from the calculation of time under the Speedy Trial Act. It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this order to all counsel of record.

**ENTERED** this _26th__ day of July, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE